UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Case No. 17-009-JJM |
| v. | |
| JERROLD ROSENBERG | |

### PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, the United States and Defendant, Jerrold Rosenberg, have reached the following agreement:

1.  Defendant's Obligations.

    a.  Defendant will plead guilty to Counts 1 and 14 of the Indictment, which charge Defendant with health care fraud and conspiracy to receive kickbacks in exchange for arranging for the ordering of goods and items for which payment was made by a federal health care program, in violation of 18 U.S.C. §§ 1347 and 371.

2.  Government's Obligations. In exchange for Defendant's pleas of guilty:

    a.  The government will recommend that the Court impose a term of imprisonment within the range of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (the U.S.S.G. or "guidelines"), but not including probation or a "split-sentence," even if permitted under the guidelines.

1

b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has failed to timely notify authorities of an intention to enter a plea of guilty. Therefore, the government will not move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2).

d. The government is free to recommend any combination of supervised release and fines which it deems appropriate. The Government will recommend that the Court impose restitution in the amount of $754,736.48.

e. The government will, at the time of sentencing, move to dismiss Counts 2-13 and 15-19 of the Indictment.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and defendant stipulate and agree to the following facts under the guidelines:

      a. The amount of loss applicable to Count 1 (healthcare fraud) is between $550,000 and $1,500,000. Therefore, a 14 level enhancement applies pursuant to U.S.S.G. § 2B1.1(b)(1)(H).

      b. The amount of loss applicable to Count 14 (conspiracy to receive kickbacks) is $188,000, the amount of the kickbacks received by the defendant. There is therefore a 10 level enhancement for Count 14 pursuant to U.S.S.G. § 2B1.1(b)(1)(F).

    5. Defendant agrees to pay restitution in the total amount of $754,736.48 to the healthcare benefit programs that were victimized by defendant's commission of healthcare fraud. This amount shall be paid in the following amounts to the following health care benefit programs: (i) $350,393.72 to Medicare Part D, (ii) $298,133.71 to Blue Cross Blue Shield of Rhode Island, (iii) $76,407.54 to United Health Care Medicare Part D Plans, (iv) $21,125.28 to United Health Care Rite Care, and (v) $8,676.23 to Neighborhood Health Plan of Rhode Island.

    6. Defendant understands that the Government considers numerous of defendant's former patients to be "victims" pursuant to 18 U.S.C. § 3771 and the Sentencing Guidelines, a contention which the Defendant disagrees with and objects to. Defendant further understands that the Government intends to call certain of these former patients to testify at the sentencing hearing. Defendant does not object to the Government calling former patients to testify so long as defense counsel is given the opportunity to cross-examine these witnesses.

7. Except as expressly provided in paragraphs 2 and 4 above, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

8. The maximum statutory penalties for the offenses to which Defendant is pleading are:

(i) Count One: 10 years imprisonment; a fine of $250,000; a term of supervised release of 3 years; a mandatory special assessment of $100;

(ii) Count Fourteen: 5 years imprisonment; a fine of $250,000; a term of supervised release of 3 years; a mandatory special assessment of $100

If imposed consecutively, the maximum penalties for all offenses to which Defendant is pleading guilty are 15 years imprisonment; a fine of $500,000; and a term of supervised release of 6 years. The mandatory special assessment totals $200.

9. Defendant agrees that, after Defendant and Defendant's counsel sign this plea agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

10. Defendant is advised and understands that:

    a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

    b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

    c. Defendant has the right to a jury trial;

    d. Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

    e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

    f. Defendant waives these trial rights if the Court accepts a plea of guilty.

11. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

12. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems

appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

13. Defendant hereby waives Defendant's right to appeal the convictions and sentences imposed by the Court, if the sentences imposed by the Court are within or below the sentencing guideline range determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

14. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

15. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

16. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced

Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

17. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

18. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

_____    10.20.2017
Jerrold Rosenberg                 Date
Defendant

_____    10-20-2017
Charles Tamulevitz, Esq.          Date
Counsel for Defendant

_____    10-20-17
Lee H. Vilker                     Date
Assistant U.S. Attorney

_____    10/20/2017
Zachary A. Cunha                  Date
Assistant U.S. Attorney

_____    10/20/17
Sandra Hebert                     Date
Assistant U.S. Attorney
Deputy Chief, Criminal Division

7